## L. J. JOHNSON v. STATE.

No. A-9844.   Nov. 13, 1940.
(107 P. 2d 365.)

Sanford M. Martin, Tahlequah, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J. The information in this case charges that L. J. Johnson, on the 28th day of July, 1939, in Cherokee county did have possession of 25 pints of whisky, six pints of alcohol and five pints of gin, with the unlawful intent to sell the same; that prior to the filing of the information on the 13th day of June, 1938, the said L. J. Johnson, defendant, entered a plea of guilty to an information charging unlawful possession of intoxicating liquor, and on the 25th day of June, 1939, said defendant by the judgment of the county court of Cherokee county was sentenced to serve 30 days in the county jail and pay a fine of $100 and the costs.

In the case at bar the jury returned a verdict finding said defendant guilty of illegal possession of intoxicating liquors, second offense, and fixed his punishment at confinement in the county jail for 90 days and payment of a fine of $100.

Motion for new trial was duly filed, presented and overruled.

From the judgment rendered on the verdict October 27, 1939, an appeal was taken by filing in this court on April 23, 1940, a petition in error with case-made.

No briefs have been filed and no appearance for oral argument made.

Where the defendant appeals from a judgment of conviction and no briefs in support of the petition in error are filed, and no appearance for oral argument made, we do

not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony. This court will examine the record for jurisdictional errors, and finding no fundamental error the judgment will be affirmed.

An examination of the record discloses no jurisdictional or fundamental errors. As to the sufficiency of the evidence to sustain the verdict, we think there can be no reasonable doubt. The instructions given by the court, to which no objection was made or exception taken, correctly and fully presented the law of the case.

It appearing that the defendant was accorded a fair and impartial trial, the judgment of the district court of Cherokee county herein is affirmed.

BAREFOOT and JONES, JJ., concur.